**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| GABRIELLE MASTEN<br>9815 Snowden Road<br>Laurel, Maryland 20708 | * | |
| Plaintiff, | * | Civil Action No.: |
| v. | * | |
| TARGET a.k.a<br>TARGET 1007 a.k.a.<br>TARGET CORPORATION a.k.a<br>TARGET PHARMACY, a.k.a<br>TARGET STORES A DIV. of TARGET CORP.<br>3343 Corridor Marketplace<br>Laurel, Maryland 20724 | * | |
| Serve On: Resident Agent<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093 | * | |
| and | * | |
| AMF WALLS & CEILINGS a.k.a<br>WALLS & CEILINGS a.k.a.<br>WALLS & CEILINGS, INC.<br>121 Church Lane<br>Cockeysville, Maryland 21030 | * | |
| Serve On: Resident Agent<br>Christopher J. Walsh<br>121 Church Lane<br>Cockeysville, Maryland 21030 | * | |
| and | * | |
| BUSH CONSTRUCTION CORPORATION<br>4029 Ironbound Road, Suite 200<br>Williamsburg, Virginia 23188 | * | |
| Serve On: Resident Agent<br>Dennis J. Hoover, Esquire<br>100 N. Charles Street, Suite 1010<br>Baltimore, Maryland 21201 | * | |
| and | | |

BUSH CONSTRUCTION SERVICES *
297 Beach Avenue
Pasadena, Maryland 21122 *

Serve On: Resident Agent *
James J. Temple, Jr.
470 Leeds Avenue *
Baltimore, Maryland 21201
*
and
*
DAVID GARFUNKEL & COMPANY LLC a.k.a.
DAVID GARFUNKEL & COMPANY, LLC *
400 Mall Boulevard, Suite M
Savannah, Georgia 31046 *

Serve On: Resident Agent *
CT Corporation System
2 N Jackson Street, Suite 605 *
Montgomery, Alabama 36104
*
and
*
GARFUNKEL DEVELOPMENT CORPORATION
400 Mall Boulevard, Suite M *
Savannah, Georgia 31046
*
Serve On: Resident Agent
Charles Garfunkel *
400 Mall Boulevard, Suite M
Savannah, Georgia 31046 *

and *

GROOM CONSTRUCTION CO INC a.k.a. *
GROOM CONTRUCTION CO, INC. a.k.a.
GROOM CONTRUCTION CO. INC. a.k.a. *
GROOM CONTRUCTION CO., INC. a.k.a.
GROOM CONSTRUCTION COMPANY, INC *
3415 Radio Road, Suite 110
Naples, Florida 34104 *

Serve On: Resident Agent *
Tom Groom
96 Swampscott Road, Suite 6 *
Salem, Massachusetts 01970
*
Defendants
*

**COMPLAINT AND REQUEST FOR JURY TRIAL**

NOW COMES Gabrielle Masten, Plaintiff, by counsel, Steven H. Heisler, Esquire and the Law Offices of Steven H. Heisler, and sues Target a.k.a Target 1007 a.k.a Target Corporation a.k.a Target Pharmacy a.k.a Target Stores A. Div. of Target Corp (hereinafter "Target") and AMF Walls & Ceilings a.k.a Walls & Ceilings a/k/a Walls & Ceilings, Inc. (hereinafter "Walls & Ceilings") and Bush Construction Corporation (hereinafter "Bush Construction") and Bush Construction Services (hereinafter "Bush Services") and David Garfunkel & Company LLC a.k.a. David Garfunkel & Company, LLC (hereinafter "Garfunkel Company") and Garfunkel Development Corporation (hereinafter "Garfunkel Development") and Groom Construction Co Inc a.k.a. Groom Construction Co, Inc. a.k.a. Groom Construction Co. Inc. a.k.a. Groom Construction Co., Inc. a.k.a. Groom Construction Company, Inc (hereinafter "Groom Construction") and states as follows.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. § 1332; as this case involves diversity of citizenship and the amount in controversy exceeds $75,000.

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with his federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

3. Venue is proper in, and Defendants are subject to the personal jurisdiction of, this Court because Defendant(s) maintain facilities and business operations in this District, and all or most of the events giving rise to this action occurred in this District. 28 U.S.C. § 1391(b).

**PARTIES & VENUE**

4. Plaintiff, Gabrielle Masten is a resident of Prince George's County, Maryland.

5. The Defendants, Target a.k.a Target 1007 a.k.a Target Corporation a.k.a Target Pharmacy a.k.a Target Stores A. Div. of Target Corp are the owners and/or lessors/lessees of the property and/or premises where the accident described below occurred, and has offices and conducts business in Anne Arundel, Maryland, wherein venue is asserted.

6. The Defendants, AMF Walls & Ceilings a.k.a Walls & Ceilings a/k/a Walls & Ceilings, Inc., was the construction company of the property and/or premises where the accident described below occurred and has offices and conducts business in Anne Arundel County, Maryland where venue is asserted.

7. The Defendants, Bush Construction Corporation, was the construction company of the property and/or premises where the accident described below occurred and has offices and conducts business in Anne Arundel County, Maryland where venue is asserted.

8. The Defendants, Bush Construction Services, was the construction company of the property and/or premises where the accident described below occurred and conducts business in Anne Arundel County, Maryland where venue is asserted.

9. The Defendants, David Garfunkel & Company LLC a.k.a. David Garfunkel & Company, LLC, was the construction company of the property and/or premises where the accident described below occurred and conducts business in Anne Arundel County, Maryland where venue is asserted.

10. The Defendants, Garfunkel Development Corporation, was the construction company of the property and/or premises where the accident described below occurred and conducts business in Anne Arundel County, Maryland where venue is asserted.

11. The Defendants, Groom Construction Co Inc a.k.a. Groom Construction Co, Inc. a.k.a. Groom Construction Co. Inc. a.k.a. Groom Construction Co., Inc. a.k.a. Groom Construction

Company, Inc, was the construction company of the property and/or premises where the accident described below occurred and conducts business in Anne Arundel County, Maryland where venue is asserted.

12. The incident herein described occurred at 3343 Corridor Marketplace, Laurel, Maryland in Anne Arundel County.

13. Venue is proper in the United Sates District Court for the District of Maryland due to diversity jurisdiction.

**FACTS**

14. On or about August 6, 2022 the Plaintiff was a business invitee at the above referenced location.

15. As the Plaintiff was walking past the checkout lanes, she tripped on a screw left sticking out of the floor and she fell to the ground.

16. The Plaintiff sustained severe serious personal injuries.

**COUNT I – NEGLIENCE**
**Gabrielle Masten v. Target a.k.a Target 1007 a.k.a Target Corporation a.k.a Target Pharmacy a.k.a Target Stores A. Div. of Target Corp**

17. Plaintiff hereby incorporates paragraphs 1 – 16 as though fully set forth herein.

18. Defendant Target had a duty to maintain the premises in a reasonably safe condition for all business invitees.

19. Defendant Target, had a further duty to inspect the floors and premises to make certain that they were in good condition and did not present a danger to business invitees of the establishment.

20. Defendant Target, and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the Plaintiff, as well as to other business invitees.

21. Defendant Target, and its agents, servants and/or employees, breached its duty to Plaintiff by: (a) failing to keep and maintain the premises in a safe and reasonable manner; (b) failing to prudently observe and identify the existing condition and the danger it may cause; (c) failing to post proper and legible notices, disclosures or disclaimers in the area adjacent to the site of the accident; and (d) being otherwise careless, negligent and reckless.

22. That as the direct, natural and proximate cause of the negligence of Defendant Target, Plaintiff was caused to sustain and suffer severe and painful physical injuries to her body; was caused to sustain and suffer severe shock and injury to her nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

23. That as the further direct, natural and proximate cause of the negligence of Defendant Target, Plaintiff was caused to undergo extensive medical care and treatment of her injuries, and was caused to incur great expense for the requisite care and treatment of her injuries, and will in the future continue to incur such medical expenses.

24. That as the further direct, natural and proximate cause of the negligence of Defendant Target, Plaintiff was caused to lose time and wages from her employment, and will in the future continue to lose time and wages.

25. That all of Plaintiff's injuries, losses and damages, past, present and prospective, are due to and by reason of the negligence of Defendant Target, with no lack of due care or negligence on the part of Plaintiff contributing thereto directly or indirectly.

WHEREFORE, Plaintiff demands judgment against the Defendant, Target in an amount in excess of SEVENTY-FIVE ($75,000.00) DOLLARS in compensatory damages.

**COUNT II – NEGLIENCE**
**Gabrielle Masten v. AMF Walls & Ceilings a.k.a Walls & Ceilings a/k/a Walls & Ceilings, Inc.**

26. Plaintiff hereby incorporates paragraphs 1 – 25 as though fully set forth herein.

27. Defendant Walls & Ceilings had a duty to maintain the premises in a reasonably safe condition for all business invitees.

28. Defendant Walls & Ceilings had a further duty to inspect the floors and premises to make certain that they were in good condition and did not present a danger to business invitees of the establishment.

29. Defendant Walls & Ceilings and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the Plaintiff, as well as to other business invitees.

30. Defendant Walls & Ceilings had a duty to construct the premises and its floors in a proper and workmanlike manner in accordance with state and local codes, such that it would not expose the general public, the Plaintiff specifically, and any other occupants and/or invitees to injury.

31. Defendant Walls & Ceilings had a further duty to inspect the premises and its floors to make certain that they were in good condition and did not present a danger to the general public, the Plaintiff specifically, and any other occupants and/or invitees.

32. Defendant Walls & Ceilings and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the general public, and specifically the Plaintiff, as well as the occupants and/or invitees.

33. Defendant Walls & Ceilings and its agents, servants and/or employees, breached its duty to Plaintiff by: (a) failing to keep the flooring in a proper and workmanlike manner, in accordance with state and local codes, such that it would not expose to injury to the general public and the Plaintiff; (b) failing to prudently observe and identify the existing condition and the danger it may cause; and (c) being otherwise careless, negligent and reckless.

34. That as the direct, natural and proximate cause of the negligence of Defendant Walls & Ceilings, Plaintiff was caused to sustain and suffer severe and painful physical injuries to her body; was caused to sustain and suffer severe shock and injury to her nerves and nervous system;

was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

35. That as the further direct, natural and proximate cause of the negligence of Defendant Walls & Ceilings, Plaintiff was caused to undergo extensive medical care and treatment of her injuries, and was caused to incur great expense for the requisite care and treatment of her injuries, and will in the future continue to incur such medical expenses.

36. That as the further direct, natural and proximate cause of the negligence of Defendant Walls & Ceilings, Plaintiff was caused to lose time and wages from her employment, and will in the future continue to lose time and wages.

37. That all of Plaintiff's injuries, losses and damages, past, present and prospective, are due to and by reason of the negligence of Defendant Walls & Ceilings, with no lack of due care or negligence on the part of Plaintiff contributing thereto directly or indirectly.

WHEREFORE, Plaintiff demands judgment against the Defendant Walls & Ceilings in an amount in excess of SEVENTY-FIVE ($75,000.00) DOLLARS in compensatory damages.

**COUNT III – NEGLIGENCE**
**Gabrielle Masten v. Bush Construction Corporation**

38. Plaintiff hereby incorporates paragraphs 1 – 37 as though fully set forth herein.

39. Defendant Bush Construction had a duty to maintain the premises in a reasonably safe condition for all business invitees.

40. Defendant Bush Construction had a further duty to inspect the floors and premises to make certain that they were in good condition and did not present a danger to business invitees of the establishment.

41. Defendant Bush Construction and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the Plaintiff, as well as to other business invitees.

42. Defendant Bush Construction had a duty to construct the premises and its floors in

a proper and workmanlike manner in accordance with state and local codes, such that it would not expose the general public, the Plaintiff specifically, and any other occupants and/or invitees to injury.

43. Defendant Bush Construction had a further duty to inspect the premises and its floors to make certain that they were in good condition and did not present a danger to the general public, the Plaintiff specifically, and any other occupants and/or invitees.

44. Defendant Bush Construction and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the general public, and specifically the Plaintiff, as well as the occupants and/or invitees.

45. Defendant Bush Construction and its agents, servants and/or employees, breached its duty to Plaintiff by: (a) failing to keep the flooring in a proper and workmanlike manner, in accordance with state and local codes, such that it would not expose to injury to the general public and the Plaintiff; (b) failing to prudently observe and identify the existing condition and the danger it may cause; and (c) being otherwise careless, negligent and reckless.

46. That as the direct, natural and proximate cause of the negligence of Defendant Bush Construction, Plaintiff was caused to sustain and suffer severe and painful physical injuries to her body; was caused to sustain and suffer severe shock and injury to her nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

47. That as the further direct, natural and proximate cause of the negligence of Defendant Bush Construction, Plaintiff was caused to undergo extensive medical care and treatment of her injuries, and was caused to incur great expense for the requisite care and treatment of her injuries, and will in the future continue to incur such medical expenses.

48. That as the further direct, natural and proximate cause of the negligence of Defendant Bush Construction, Plaintiff was caused to lose time and wages from her employment, and will in the future continue to lose time and wages.

49. That all of Plaintiff's injuries, losses and damages, past, present and prospective, are due to and by reason of the negligence of Defendant Bush Construction, with no lack of due care or negligence on the part of Plaintiff contributing thereto directly or indirectly.

WHEREFORE, Plaintiff demands judgment against the Defendant Bush Construction Corporation in an amount in excess of SEVENTY-FIVE ($75,000.00) DOLLARS in compensatory damages.

**COUNT IV – NEGLIENCE**
**Gabrielle Masten v. Bush Construction Services**

50. Plaintiff hereby incorporates paragraphs 1 – 49 as though fully set forth herein.

51. Defendant Bush Services had a duty to maintain the premises in a reasonably safe condition for all business invitees.

52. Defendant Bush Services had a further duty to inspect the floors and premises to make certain that they were in good condition and did not present a danger to business invitees of the establishment.

53. Defendant Bush Services and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the Plaintiff, as well as to other business invitees.

54. Defendant Bush Services had a duty to construct the premises and its floors in a proper and workmanlike manner in accordance with state and local codes, such that it would not expose the general public, the Plaintiff specifically, and any other occupants and/or invitees to injury.

55. Defendant Bush Services had a further duty to inspect the premises and its floors to make certain that they were in good condition and did not present a danger to the general public,

the Plaintiff specifically, and any other occupants and/or invitees.

56. Defendant Bush Services and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the general public, and specifically the Plaintiff, as well as the occupants and/or invitees.

57. Defendant Bush Services and its agents, servants and/or employees, breached its duty to Plaintiff by: (a) failing to keep the flooring in a proper and workmanlike manner, in accordance with state and local codes, such that it would not expose to injury to the general public and the Plaintiff; (b) failing to prudently observe and identify the existing condition and the danger it may cause; and (c) being otherwise careless, negligent and reckless.

58. That as the direct, natural and proximate cause of the negligence of Defendant Bush Services, Plaintiff was caused to sustain and suffer severe and painful physical injuries to her body; was caused to sustain and suffer severe shock and injury to her nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

59. That as the further direct, natural and proximate cause of the negligence of Defendant Bush Services, Plaintiff was caused to undergo extensive medical care and treatment of her injuries, and was caused to incur great expense for the requisite care and treatment of her injuries, and will in the future continue to incur such medical expenses.

60. That as the further direct, natural and proximate cause of the negligence of Defendant Bush Services, Plaintiff was caused to lose time and wages from her employment, and will in the future continue to lose time and wages.

61. That all of Plaintiff's injuries, losses and damages, past, present and prospective, are due to and by reason of the negligence of Defendant Bush Services, with no lack of due care or negligence on the part of Plaintiff contributing thereto directly or indirectly.

WHEREFORE, Plaintiff demands judgment against the Defendant Bush Construction Services in an amount in excess of SEVENTY-FIVE ($75,000.00) DOLLARS in compensatory damages.

**COUNT V – NEGLIENCE**
**Gabrielle Masten v. David Garfunkel & Company LLC a.k.a.**
**David Garfunkel & Company, LLC**

62. Plaintiff hereby incorporates paragraphs 1 – 61 as though fully set forth herein.

63. Defendant Garfunkel Company had a duty to maintain the premises in a reasonably safe condition for all business invitees.

64. Defendant Garfunkel Company had a further duty to inspect the floors and premises to make certain that they were in good condition and did not present a danger to business invitees of the establishment.

65. Defendant Garfunkel Company and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the Plaintiff, as well as to other business invitees.

66. Defendant Garfunkel Company had a duty to construct the premises and its floors in a proper and workmanlike manner in accordance with state and local codes, such that it would not expose the general public, the Plaintiff specifically, and any other occupants and/or invitees to injury.

67. Defendant Garfunkel Company had a further duty to inspect the premises and its floors to make certain that they were in good condition and did not present a danger to the general public, the Plaintiff specifically, and any other occupants and/or invitees.

68. Defendant Garfunkel Company and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the general public, and specifically the

Plaintiff, as well as the occupants and/or invitees.

69. Defendant Garfunkel Company and its agents, servants and/or employees, breached its duty to Plaintiff by: (a) failing to keep the flooring in a proper and workmanlike manner, in accordance with state and local codes, such that it would not expose to injury to the general public and the Plaintiff; (b) failing to prudently observe and identify the existing condition and the danger it may cause; and (c) being otherwise careless, negligent and reckless.

70. That as the direct, natural and proximate cause of the negligence of Defendant Garfunkel Company, Plaintiff was caused to sustain and suffer severe and painful physical injuries to her body; was caused to sustain and suffer severe shock and injury to her nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

71. That as the further direct, natural and proximate cause of the negligence of Defendant Garfunkel Company, Plaintiff was caused to undergo extensive medical care and treatment of her injuries, and was caused to incur great expense for the requisite care and treatment of her injuries, and will in the future continue to incur such medical expenses.

72. That as the further direct, natural and proximate cause of the negligence of Defendant Garfunkel Company, Plaintiff was caused to lose time and wages from her employment, and will in the future continue to lose time and wages.

73. That all of Plaintiff's injuries, losses and damages, past, present and prospective, are due to and by reason of the negligence of Defendant Garfunkel Company, with no lack of due care or negligence on the part of Plaintiff contributing thereto directly or indirectly.

WHEREFORE, Plaintiff demands judgment against the Defendant David Garfunkel & Company LLC a.k.a. David Garfunkel & Company, LLC in an amount in excess of SEVENTY-FIVE ($75,000.00) DOLLARS in compensatory damages.

**COUNT VI – NEGLIENCE**
**Gabrielle Masten v. Garfunkel Development Corporation**

74. Plaintiff hereby incorporates paragraphs 1 – 73 as though fully set forth herein.

75. Defendant Garfunkel Development had a duty to maintain the premises in a reasonably safe condition for all business invitees.

76. Defendant Garfunkel Development had a further duty to inspect the floors and premises to make certain that they were in good condition and did not present a danger to business invitees of the establishment.

77. Defendant Garfunkel Development and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the Plaintiff, as well as to other business invitees.

78. Defendant Garfunkel Development had a duty to construct the premises and its floors in a proper and workmanlike manner in accordance with state and local codes, such that it would not expose the general public, the Plaintiff specifically, and any other occupants and/or invitees to injury.

79. Defendant Garfunkel Development had a further duty to inspect the premises and its floors to make certain that they were in good condition and did not present a danger to the general public, the Plaintiff specifically, and any other occupants and/or invitees.

80. Defendant Garfunkel Development and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the general public, and specifically the Plaintiff, as well as the occupants and/or invitees.

81. Defendant Garfunkel Development and its agents, servants and/or employees, breached its duty to Plaintiff by: (a) failing to keep the flooring in a proper and workmanlike manner, in accordance with state and local codes, such that it would not expose to injury to the

general public and the Plaintiff; (b) failing to prudently observe and identify the existing condition and the danger it may cause; and (c) being otherwise careless, negligent and reckless.

82. That as the direct, natural and proximate cause of the negligence of Defendant Garfunkel Development, Plaintiff was caused to sustain and suffer severe and painful physical injuries to her body; was caused to sustain and suffer severe shock and injury to her nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

83. That as the further direct, natural and proximate cause of the negligence of Defendant Garfunkel Development, Plaintiff was caused to undergo extensive medical care and treatment of her injuries, and was caused to incur great expense for the requisite care and treatment of her injuries, and will in the future continue to incur such medical expenses.

**COUNT VII – NEGLIENCE**
**Gabrielle Masten v. Groom Construction Co Inc a.k.a. Groom Construction Co, Inc. a.k.a. Groom Construction Co. Inc. a.k.a. Groom Construction Co., Inc. a.k.a. Groom Construction Company, Inc**

84. Plaintiff hereby incorporates paragraphs 1 – 83 as though fully set forth herein.

85. Defendant Groom Construction had a duty to maintain the premises in a reasonably safe condition for all business invitees.

86. Defendant Groom Construction had a further duty to inspect the floors and premises to make certain that they were in good condition and did not present a danger to business invitees of the establishment.

87. Defendant Groom Construction and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the Plaintiff, as well as to other business invitees.

88. Defendant Groom Construction had a duty to construct the premises and its floors in a proper and workmanlike manner in accordance with state and local codes, such that it would

not expose the general public, the Plaintiff specifically, and any other occupants and/or invitees to injury.

89. Defendant Groom Construction had a further duty to inspect the premises and its floors to make certain that they were in good condition and did not present a danger to the general public, the Plaintiff specifically, and any other occupants and/or invitees.

90. Defendant Groom Construction and its agents, servants and/or employees were further negligent in that Defendant knew or should have known that the existing condition in a commonly traveled area would pose a risk of injury to the general public, and specifically the Plaintiff, as well as the occupants and/or invitees.

91. Defendant Groom Construction and its agents, servants and/or employees, breached its duty to Plaintiff by: (a) failing to keep the flooring in a proper and workmanlike manner, in accordance with state and local codes, such that it would not expose to injury to the general public and the Plaintiff; (b) failing to prudently observe and identify the existing condition and the danger it may cause; and (c) being otherwise careless, negligent and reckless.

92. That as the direct, natural and proximate cause of the negligence of Defendant Groom Construction, Plaintiff was caused to sustain and suffer severe and painful physical injuries to her body; was caused to sustain and suffer severe shock and injury to her nerves and nervous system; was caused to sustain and suffer severe mental anguish; and was, is and will be otherwise injured and damaged.

93. That as the further direct, natural and proximate cause of the negligence of Defendant Groom Construction, Plaintiff was caused to undergo extensive medical care and treatment of her injuries, and was caused to incur great expense for the requisite care and treatment of her injuries, and will in the future continue to incur such medical expenses.

94. That as the further direct, natural and proximate cause of the negligence of Defendant Groom Construction, Plaintiff was caused to lose time and wages from her employment, and will in the future continue to lose time and wages.

95. That all of Plaintiff's injuries, losses and damages, past, present and prospective, are due to and by reason of the negligence of Defendant Groom Construction, with no lack of due care or negligence on the part of Plaintiff contributing thereto directly or indirectly.

WHEREFORE, Plaintiff demands judgment against the Defendant Groom Construction Co Inc a.k.a. Groom Construction Co, Inc. a.k.a. Groom Construction Co. Inc. a.k.a. Groom Construction Co., Inc. a.k.a. Groom Construction Company, Inc in an amount in excess of SEVENTY-FIVE ($75,000.00) DOLLARS in compensatory damages.

Steven H. Heisler
Attorney Code 08698
Law Office of Steven H. Heisler
1011 North Calvert Street
Baltimore, Maryland 21202
sheisler@injurylawyermd.com
(410) 625-4878 – Office
(410) 659-7111 – Facsimile
*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | | |
|---|---|---|
| GABRIELLE MASTEN<br>9815 Snowden Road<br>Laurel, Maryland 20708 | *<br><br>* | |
| Plaintiff, | * | Civil Action No.: |
| v. | * | |
| TARGET a.k.a<br>TARGET 1007 a.k.a.<br>TARGET CORPORATION a.k.a<br>TARGET PHARMACY, a.k.a<br>TARGET STORES A DIV. of TARGET CORP.<br>3343 Corridor Marketplace<br>Laurel, Maryland 20724 | *<br><br>*<br><br>*<br><br>* | |
| Serve On: Resident Agent<br>The Corporation Trust, Incorporated<br>2405 York Road, Suite 201<br>Lutherville Timonium, Maryland 21093 | *<br><br>*<br><br>* | |
| and | * | |
| AMF WALLS & CEILINGS a.k.a<br>WALLS & CEILINGS a.k.a.<br>WALLS & CEILINGS, INC.<br>121 Church Lane<br>Cockeysville, Maryland 21030 | *<br><br>*<br><br>* | |
| Serve On: Resident Agent<br>Christopher J. Walsh<br>121 Church Lane<br>Cockeysville, Maryland 21030 | *<br><br>* | |
| and | * | |
| BUSH CONSTRUCTION CORPORATION<br>4029 Ironbound Road, Suite 200<br>Williamsburg, Virginia 23188 | *<br><br>* | |
| Serve On: Resident Agent<br>Dennis J. Hoover, Esquire<br>100 N. Charles Street, Suite 1010<br>Baltimore, Maryland 21201 | *<br><br>*<br><br>* | |
| and | | |

BUSH CONSTRUCTION SERVICES *
297 Beach Avenue
Pasadena, Maryland 21122 *

Serve On: Resident Agent *
James J. Temple, Jr.
470 Leeds Avenue *
Baltimore, Maryland 21201
*
and
*
DAVID GARFUNKEL & COMPANY LLC a.k.a.
DAVID GARFUNKEL & COMPANY, LLC *
400 Mall Boulevard, Suite M
Savannah, Georgia 31046 *

Serve On: Resident Agent *
CT Corporation System
2 N Jackson Street, Suite 605 *
Montgomery, Alabama 36104
*
and
*
GARFUNKEL DEVELOPMENT CORPORATION
400 Mall Boulevard, Suite M *
Savannah, Georgia 31046
*
Serve On: Resident Agent
Charles Garfunkel *
400 Mall Boulevard, Suite M
Savannah, Georgia 31046 *

and *

GROOM CONSTRUCTION CO INC a.k.a. *
GROOM CONTRUCTION CO, INC. a.k.a.
GROOM CONTRUCTION CO. INC. a.k.a. *
GROOM CONTRUCTION CO., INC. a.k.a.
GROOM CONSTRUCTION COMPANY, INC *
3415 Radio Road, Suite 110
Naples, Florida 34104 *

Serve On: Resident Agent *
Tom Groom
96 Swampscott Road, Suite 6 *
Salem, Massachusetts 01970
*
Defendants
*

---

**REQUEST FOR JURY TRIAL**

The Plaintiff hereby requests that all issues in this matter be tried before a jury of her peers.

*Steven H. Heisler*
Attorney Code 08698
Law Office of Steven H. Heisler
1011 North Calvert Street
Baltimore, Maryland 21202
sheisler@injurylawyermd.com
(410) 625-4878 – Office
(410) 659-7111 – Facsimile
*Counsel for Plaintiff*